UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **RLI INSURANCE COMPANY** | : | Civil Action No. 1:14-cv-802 |
| **Plaintiff** | : : | Judge: Sandra S. Beckwith |
| vs. | : | Magistrate: Stephanie K. Bowman |
| **FIFTH THIRD BANCORP** | : | |
| **Defendant** | : | |
| **FIFTH THIRD BANCORP, an Ohio Corporation, and FIFTH THIRD BANK, an Ohio Banking Corporation** | : | Civil Action No. 1:14-cv-869 |
| **Plaintiffs** | : | |
| vs. | : | |
| **CERTAIN UNDERWRITERS AT LLOYD'S SUBSCRIBING TO POLICY B0509QA048710, B0509QA051310, 81906760, et al.** | : | |
| **Defendants** | : | |

---

**FIFTH THIRD'S MEMORANDUM IN OPPOSITION TO RLI INSURANCE COMPANY'S JOINDER IN CERTAIN UNDERWRITERS' MOTION FOR PROTECTIVE ORDER AND IN THE ALTERNATIVE TO STAY AND BIFRUCATE PLAINTIFFS' "BAD FAITH CLAIM" WITH DECLARATION OF MARK J. BYRNE ATTACHED AS EXHIBIT A**

---

## I.  INTRODUCTION

On October 10, 2014, RLI filed a declaratory judgment action against Fifth Third seeking

judgment and an order from this Court declaring that Fifth Third could not pursue a claim against

RLI under a fidelity bond. (Doc. 1). On November 25, 2014 Fifth Third filed a counterclaim against RLI alleging a breach of contract, and that RLI had failed to investigate [Fifth Third's bond] claim in a reasonable or appropriate time or manner. (Doc. 13, PAGEID #228 at para. 13). Fifth Third also asserted that RLI had acted in bad faith. (Doc. 13, PAGEID #229 at para. 21). RLI filed its answer to the counterclaim on December 16, 2014. (Doc. 17). In its answer RLI denied that it failed to investigate Fifth Third's claim in a reasonable or appropriate time or manner, and RLI denied the claim of bad faith. (Doc. 17, PAGEID #243, #244). Now, after litigating the issue of bad faith for over a year, RLI, by its motion, asks this Court to halt any further discovery by Fifth Third on its counterclaim. (Doc. 44). Pursuant to Fed. R. Civ. P. 26(c), good cause must exist to justify the issuance of a protective order. RLI has failed to satisfy that standard and therefore its motion should be denied.[1]

## II. BACKGROUND

### A. RLI Agreed to Full Discovery on all Issues Including the Issue of Bad Faith.

After the initial pleadings were filed, all parties (including RLI) met as required under Federal Rules of Civ. P. 26(f) to discuss the issues in the case. The parties filed their Discovery Plan with the Court on February 26, 2015. (Doc. 29, PAGED #335). The parties affirmatively agreed in the proposed discovery plan that "[d]iscovery <u>will need</u> to be conducted on the issue of: <u>all issues raised in the complaint, counterclaim, answers, and damages</u>." (emphasis added). The parties further agreed "that discovery need not be bifurcated". (Doc. 29, PAGEID #336 in Case No. 1:14-cv-802). The Defendants did not seek any limitations on discovery and agreed

---

[1] The Lloyd's Underwriters filed a similar motion to which Fifth Third responded. (Doc. 62 in Case No. 1:14-cv-869). To the extent the arguments asserted by RLI mirror those asserted by the Underwriters, Fifth Third incorporates its responsive arguments in that memorandum as if fully incorporated in this memorandum.

that any motions relative to the pleadings must be filed on or before October 31, 2015. (Doc. 29, PAGEID 338).

On March 12, 2015 counsel representing the parties attended the Preliminary Pretrial conference held by Magistrate Judge Bowman. During the conference, none of the Defendants objected to the Court's adoption of the agreed Discovery Plan. Nor did any of the Defendants complain that discovery regarding Fifth Third's bad faith claim should be stayed, conducted in phases, or bifurcated. (Declaration of MJB at para. 1). Magistrate Judge Bowman issued the Calendar Order for the case (Doc. 31, PAGEID #342), and Judge Beckwith issued her Scheduling Order. (Doc. 32). Neither of these orders contained any provisions for bifurcation of discovery or a separate trial for Fifth Third's bad faith claim.

B. **RLI Participated in Discovery Regarding Fifth Third's Bad Faith Claim.**

On October 2, 2015 Fifth Third served a Notice to Take Deposition of RLI Insurance Company Pursuant to Fed. R. Civ. P. 30(b)(6). (Doc. 36). By the notice Fifth Third asked RLI to produce a corporate representative to testify to the following summarized topics:

34, 41. The facts upon which RLI relied to deny Fifth Third's allegations that it failed to investigate the bond claim in a reasonable and appropriate time and manner and/or acted in bad faith.

57. The date RLI denied coverage to Fifth Third under the bond claim, the basis for the decision, and the person responsible for denying coverage.

58. The identification of outside counsel who advised RLI on coverage and to whom that advice was provided.

59. The date RLI anticipated litigation against Fifth Third.

60. The identification of each of RLI's employees involved in the investigation of Fifth Third's claim for coverage including the activities they undertook relating to their investigation.

61. The reserves set aside for Fifth Third's bond claim and the material facts upon which RLI relied in establishing the reserves.

3

| | | |
|---|---|---|
| 64,65, 66. | | The identification of the facts that RLI relied upon in asserting various privileges in its privilege log and the basis for the privilege. |
| 67. | | The identification of any other claim made by an insured against RLI for payment under a Fidelity Bond similar in language to the one at issue in the present case between 2008 to 2011. (Doc. 36, PAGEID #406-#410). |

Upon receipt of the Rule 30(b)(6) notice, RLI did not file a motion directed to the pleadings claiming that it was unaware Fifth Third was asserting a bad faith claim by October 31, 2015 as required under the Court's Calendar Order. Instead, RLI forwarded a set of objections to Fifth Third's Rule 30(b)(6) notice. Those objections were received by Fifth Third on or about November 20, 2015. (Declaration of MJB at Exh. 1). In its objections, RLI agreed to produce a corporate representative to testify regarding the topics of the reasonableness of its investigation and bad faith (Declaration of MJB at Exh. 1 at pp. 14, 16).

**C.     RLI Initiated Discovery on the Issue of Its Bad Faith.**

After engaging in discovery regarding Fifth Third's bad faith claim, RLI initiated additional discovery regarding that issue. On March 9, 2016 RLI issued an Amended Notice of Deposition to Fifth Third which contained 87 different topics. (Declaration of MJB at Exh. 2). RLI requested Fifth Third provide a representative to testify as to Fifth Third's claim of bad faith.

| | |
|---|---|
| 62. | The facts supporting the allegation in paragraph 13 of the Counterclaim that "RLI has failed to investigate the claim in a reasonable or appropriate time or manner. |
| 64. | The facts supporting the allegation in paragraph 21 of the Counterclaim that "RLI has acted in bad faith…" (Declaration of MJB, Exh. 3 at p. 16). |

Twenty days after filing this motion for a protective order, RLI proceeded on April 6, 2014 with the deposition of Fifth Third's corporate representative. During the deposition, RLI's

4

counsel directed numerous questions to the representative asking him to identify the factual basis for the bad faith claim against RLI (Declaration of MJB at para. 4). Now after receiving the benefit of acquiring discovery from Fifth Third relating to the issue of bad faith, RLI seeks an order to preclude Fifth Third from obtaining any further discovery regarding that issue which has been the subject of discovery since the beginning of the case.

### III.     ARGUMENT

   **1. By Its Actions RLI is Estopped from Refusing to Participate in Discovery Regarding Fifth Third's Claim of Bad Faith.**

RLI argues that it filed a narrow declaratory judgment action seeking resolution of tailored issues and that Fifth Third agreed to focus discovery on the disputed coverage issues. (Doc. 44, PAGEID #541). RLI protests that Fifth Third should not be permitted to seek discovery regarding RLI's bad faith. For the following reasons, RLI's argument is without merit.

First, RLI agreed in its representations to counsel and its filings with the Court that discovery should include all issues in the complaint and counterclaim and that none of those issues should be bifurcated. In its counterclaim against RLI, Fifth Third stated that RLI's investigation of Fifth Third's bond claim was unreasonable and untimely. Fifth Third also alleged that RLI had committed bad faith. Throughout this litigation, Fifth Third has proceeded with discovery based upon the agreement that was reached with all counsel in February of 2015 that discovery included all issues. Fifth Third never agreed that discovery regarding its dispute with RLI should be limited and narrowly tailored to the issues that RLI raised in its October 2014 complaint.

Second, if RLI truly believed that at some point in time, Fifth Third agreed that its dispute with RLI would be limited solely to coverage issues, it was on notice, at the latest, on October 2, 2015, that Fifth Third was seeking discovery on the issue of bad faith. Yet, after

having received Fifth Third's Rule 30(b)(6) deposition notice in which RLI was asked to produce a representative for the topic of bad faith, RLI took no action to raise that issue with the Court. Indeed, it agreed that the topic of bad faith was an appropriate subject of discovery and produced a corporate representative to testify to that topic at RLI's scheduled deposition.

Third, RLI's representation that the scope of discovery in its dispute with Fifth Third is narrowly focused is countered by its actions in this case. RLI's Rule 30(b)(6) deposition notice was not narrowly focused, but instead contained over 87 topics including the topic of bad faith. Moreover, after filing this motion for a protective order in which RLI seeks to limit the scope of discovery or bifurcate Fifth Third's bad faith claim, RLI sought information from Fifth Third's corporate representative regarding the topic of bad faith on April 6, 2016. Pursuant to its obligations under the Civil Rules, the Fifth Third's corporate representative responded to the questions involving RLI's bad faith conduct.

Finally, RLI agreed and represented to the Court in March of 2015 that none of the issues in the case required bifurcation. Accordingly, the Court should not allow RLI the advantage of having agreed to engage in discovery regarding bad faith, and obtaining information from Fifth Third on that issue to then be protected from responding to Fifth Third's reciprocal discovery request regarding RLI's bad faith conduct in this case.

**2. Fifth Third Did not Recant Any Discovery Agreement with RLI.**

RLI argues that Fifth Third recanted an agreement that was reached in July 2015 regarding the scope of discovery. (Doc. 44, PAGEID #541,542). That assertion is untrue.

In July 2015 counsel for Fifth Third sent an email stating that Fifth Third would not seek communications between RLI and Scott Schmookler, RLI's outside litigation counsel. When

6

that email was sent, Fifth Third's counsel was unaware that Mr. Schmookler and his firm, Gordon & Rees, had provided pre-suit coverage advice in denying Fifth Third's bond claim.

After Fifth Third served its Rule 30(b)(6) notice on RLI, the parties engaged in several meet and confer conferences regarding the deposition topics. (Declaration of MJB, Exh. 3). One of the areas of discussion related to Topic 58 which asked RLI to identify counsel who advised RLI on the issue of whether or not coverage existed for Fifth Third's bond claim.

For the first time on December 3, 2015, Mr. Schmookler stated that he provided pre-suit coverage advice to RLI. (Declaration of MJB, at para 6). Fifth Third wrote to Mr. Schmookler indicating it intended to seek information from the RLI representative which would confirm his role as a pre-suit advisor:

> ". . . as to the identification of outside counsel who advised RLI on the issue of whether or not coverage existed for Fifth Third's claim and when and to whom that advice was provided. You responded that you were the person that provided the advice and that Nathalie would testify in that regard. We would expect in the Rule 30(b)(6) deposition that she is able to identify the date you provided that coverage decision to RLI. Your summary is inaccurate. I understand Nathalie will testify as you represented in our conversation yesterday." (Declaration of MJB at Exh. 3 at p. 1).

Fifth Third's counsel also wrote to Mr. Schmookler concerning his troublesome role as coverage counsel and litigation counsel for RLI:

> "I was unaware until yesterday that you not only are litigation counsel for RLI but also may have made provided coverage decision[s] and made the corporate decision for RLI that litigation was anticipated in 2013. If that is the case then you have been less than transparent. Never would I anticipate that one lawyer would wear the two hats of litigation counsel and coverage counsel. Is that what you did here? Moreover, why would you be asking Fifth Third to provide all of these documents on a voluntary basis over the last two years when you knew you anticipated you were going to sue them in 2013. Further to say that the Boone case has been overruled is just specious. That issue has been addressed in various Sixth Circuit district court opinions and determined the Boone is good law. You can call me at the office around 10 tomorrow so we can discuss the issues

7

you raised, and the number of hats you have been wearing in these proceedings." (Declaration of MJB at Exh 4).

On December 9, 2015 Fifth Third took the deposition of RLI Insurance Company through its representative Nathalie Hiemstra. Ms. Hiemstra confirmed that Mr. Schmookler was involved in the pre-suit coverage discussions with RLI which resulted in the denial of Fifth Third's bond claim:

> Q. And when did he [Mr. Schmookler] provide that advice?
>
> A. Throughout the investigation.

(Hiemstra Depo. p. 201/15-16).

*  *  *

> Q. So that was a constant issue [coverage] that existed since the claim was submitted in 2011 through 2013?
>
> A. From the inception of receiving this claim, timing and <u>coverage and loss were always an issue</u>. That's my job, but the timing issue was always an issue from the start. (Emphasis added)
>
> Q. And as it relates to Topic 58, you are indicating to me that there were numerous discussions from the time this claim came in with coverage counsel about whether or not coverage existed?
>
> A. From the time we retained Scott yes.
>
> Q. And over what period of time did those coverage discussions occur?
>
> A. They are still ongoing. We're in litigation. (Hiemstra Depo. p. 202/4-24).

Ms. Hiemstra later testified that she had continuous discussion with counsel but could not recall when the dates of those discussions occurred, or where they were contained in the RLI privilege log. (Hiemstra Depo. p.225/7-15) (Declaration of MJB at Exh. 5).

8

In July 2015 Fifth Third assumed discussions between RLI and the lawyers presently representing it in this litigation did not include pre-suit coverage advice. If Fifth Third had known of the dual role of RLI's present litigation counsel in July 2015, the discussions at that time would have focused on the production of Gordon & Rees' communications with RLI relating to the coverage advice it gave to RLI in 2013 and 2014. But the dual role status of Gordon & Rees was not revealed to Fifth Third until December 2015. These communications between Gordon & Rees and RLI in which the law firm provided coverage advice to RLI are relevant to this case because they "may cast light" on whether RLI committed bad faith. These communications are discoverable pursuant to *Boone v. Vanliner Insurance Co.,* 91 Ohio St.3d 209 (2001) and *Jeffrey Decker v. Chubb National Insurance Company*, S.D. Ohio No. 1:15-cv-88, 2015 U.S. Dist. LEXIS 139824 (Oct. 14 2015). Fifth Third did not waive its right in July to obtain discovery to which it is entitled, nor has it "recanted" on a discovery agreement with RLI regarding those matters.

As of this date, RLI has not identified the communications on its privilege log which are relevant pursuant to *Boone*. Therefore, any claim that RLI will be prejudiced by the production of relevant, discoverable material is premature.

**3. RLI's Claim that Fifth Third Failed to Plead Bad Faith, or Discovery of Communications with RLI's Outside Counsel Will Prejudice RLI, are Addressed in Fifth Third's Opposition Memorandum to the Underwriters' Motion for Protective Order.**

RLI contends that Fifth Third failed to plead bad faith or that alternatively by allowing the discovery of its communications with outside counsel RLI will be prejudiced in the defense of its breach of contract claim. Fifth Third responded to these arguments in its opposition memorandum to the Underwriters' motion and incorporates those arguments as if fully rewritten herein.

9

> **4. An Order Denying RLI's Motion for a Protective Order Will Not Prejudice Fifth Third in its Litigation Against Concord.**

RLI argues that if it is ordered to produce documents identified on its privilege log, it will be required to produce these same documents to parties in an Illinois lawsuit involving Fifth Third, and Fifth Third will be prejudiced in that case by RLI's production in this case. (Doc. 44, PAGEID #544). That argument is also premature. First, neither this Court nor Fifth Third are aware of what documents RLI listed on its privilege log that "may cast light" on RLI's bad faith. Until these documents are identified, the parties in this case cannot judge what prejudice may occur to Fifth Third's litigation or settlement strategy in the Illinois litigation.

Second, it is difficult to envision how documents that "may cast light" on RLI's bad faith which RLI claims are privileged will reveal Fifth Third's litigation strategy. However, even assuming that these prejudicial documents exist, all parties in this case agreed to the issuance of a protective order. (Doc. 33). That order allows the parties to designate documents produced in discovery as Confidential Information which are protected from disclosure to third parties. It also provides that in the event a party in this case receives a subpoena or court order for another case, a party who may be prejudiced in this case by the disclosure of discovery in that case may seek appropriate relief with this Court.

In the event RLI is ordered in this case to produce privileged documents that "may cast light" on its bad faith, but may reveal Fifth Third's settlement/litigation position, Fifth Third will exercise its right to seek relief from this Court precluding further disbursal of these confidential documents to unrelated third parties.

**IV.** **SUMMARY**.

For the reasons stated herein, and those contained in its opposition memorandum to the Underwriters motion, Fifth Third requests RLI's motion for a protective order or bifurcation be denied.

        RESPECTFULLY SUBMITTED,

/S/  Mark J. Byrne
**MARK J. BYRNE (0029243)**
**KENNETH F. SEIBEL (0025168)**
JACOBS, KLEINMAN, SEIBEL & McNALLY
Cincinnati Club Building
30 Garfield Place
Cincinnati, OH  45202
Phone:  (513) 381-6600
Fax:     (513) 381-4150
Email:   mbyrne@jksmlaw.com
        kseibel@jksmlaw.com
*Trial Counsel for Defendant Fifth Third Bancorp and Plaintiff Fifth Third Bancorp and Third Bank*


/S/  Charles E. Turnbull
**CHARLES E. TURNBULL** (Pro Hac Vice)
**LAWRENCE M. SCOTT** (Pro Hac Vice)
**MARC D. KASZUBSKI** (Pro Hac Vice)
O'REILLY RANCILIO P.C.
12900 Hall Road, Suite 350
Sterling Heights, MI  48313
Phone: (586) 726-1000
Fax:    (586) 726-1560
Email: cturnbull@orlaw.com
      lscott@orlaw.com
      mkaszubski@orlaw.com
*Co- Counsel for Defendant Fifth Third Bancorp and Plaintiff Fifth Third Bancorp and Third Bank*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

*Attorneys for Plaintiff RLI Insurance Company:*

Robert W. Hojnoski, Esquire
Carrie M. Starts, Esquire
Nathan A. Lennon, Esquire
Reminger Co., LPA
525 Vine Street, Suite 1700
Cincinnati, OH  45202
Email: rhojnoski@reminger.com
       cstarts@reminger.com
       nlennon@reminger.com

Scott L. Schmookler, Esquire
Regina A. Ripley, Esquire
Ji-Yeon Suh, Esquire
Gordon & Rees, LLP
One North Franklin, Suite 8800
Chicago, IL  60606
Email: sschmookler@gordonrees.com
       rripley@gordonrees.com
       jsuh@gordonrees.com

*Attorneys for Defendant Certain Underwriters at Lloyd's Subscribing*
*to Policy Numbers B0509QA048710 and B0509QA051310,*
*Axis Insurance Company and Federal Insurance Company:*

David P. Kamp, Esquire
Brian D. Goldwasser, Esquire
Jean Geoppinger McCoy, Esquire
White, Getgey & Meyer Co. LPA
Fourth and Vine Tower
One West Fourth Street, Suite 1700
Cincinnati, OH 45202
Email: dkamp@wgmlpa.com
       bgoldwasser@wgmlpa.com
       jmccoy@wgmlpa.com

      John W. Blancett, Esquire
      Christopher J. Losquadro, Esquire
      Christopher C. Novak, Esquire
      Sedgwick LLP
      Brookfield Place
      225 Liberty Street, 28th Floor
      New York, NY  10281-1008
      Email: John.blancett@sedgwicklaw.com
            Christopher.Losquadro@sedgwicklaw.com
            Christopher.Novak@sedgwicklaw.com

*Attorneys for Defendant Continental Insurance Company, Fidelity and Deposit Insurance Company, St. Paul Mercury Insurance Company:*

      Luke J. Busam, Esquire
      Frost Brown Todd LLC
      3300 Great American Tower
      301 E. Fourth Street
      Cincinnati, OH  45202
      Email: lbusam@fbtlaw.com

      Julia Blackwell Gelinas, Esquire
      Bryan S. Strawbridge, Esquire
      Frost Brown Todd, LLC
      201 N. Illinois Street, Suite 1900
      P.O. Box 44961
      Indianapolis, IN  46244-0961
      Email: jgelinas@fbtlaw.com
            bstrawbridge@fbtlaw.com

                                    /S/  Mark J. Byrne
                                    **MARK J. BYRNE (0029243)**
                                    *Trial Counsel for Defendant Fifth Third Bancorp*
                                    *and Plaintiffs Fifth Third Bancorp and*
                                    *Fifth Third Bank*