UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RLI INSURANCE COMPANY,                    Civil Action No. 1:14cv802

    Plaintiffs,

    v.

FIFTH THIRD BANCORP,

    Defendant.

## FIFTH THIRD BANCORP'S MOTION FOR LEAVE TO FILE FIRST AMENDED COUNTERCLAIM AND DEMAND FOR JURY TRIAL

Defendant/Counter-Plaintiff Fifth Third Bancorp ("Fifth Third") respectfully submits this Motion for Leave to File its First Amended Counterclaim and Demand for Jury Trial. The grounds for this Motion are more fully set forth in Fifth Third's accompanying Memorandum of Law, which is incorporated herein by reference in its entirety.

**WHEREFORE**, Fifth Third respectfully requests that this Court grant its Motion and allow Fifth Third to file its First Amended Counterclaim and Demand for Jury Trial.

Dated:  December 14, 2016

          Respectfully submitted,

          /s/ Douglas R. Widin

          Mark J. Byrne (0029243)
          Kenneth F. Seibel (0025168)
          Jacobs Kleinman Seibel & McNally Co. L.P.A.
          30 Garfield Place, #905
          Telephone:  513-381-6600
          Facsimile:  513-381-4150
          mbyrne@jksmlaw.com
          kseibel@jksmlaw.com
          **COUNSEL FOR DEFENDANT**

          Charles E. Turnbull
          Lawrence M. Scott
          Marc D. Kaszubski
          12900 Hall Rd., Suite 350
          Sterling Heights, MI 48313
          586-726-1000
          Fax: 586-726-1560
          cturnbull@orlaw.com
          cott@orlaw.com
          mkaszubski@orlaw.com
          **ADMITTED PRO HAC VICE**

          David Halbreich
          Traci Rea
          Douglas Widin
          REED SMITH LLP
          355 South Grand Avenue, Suite 2900
          Los Angeles, CA 90071
          Telephone: 213 457 8033
          Facsimile: 213 457 8080
          dhalbreich@reedsmith.com
          dwidin@reedsmith.com
          trea@reedsmith.com
          **ADMITTED PRO HAC VICE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

RLI INSURANCE COMPANY,                    Civil Action No. 1:14cv802

    Plaintiffs,

    v.

FIFTH THIRD BANCORP,

    Defendant.

---

### MEMORANDUM OF LAW IN SUPPORT OF FIFTH THIRD'S MOTION FOR LEAVE TO FILE FIRST AMENDED COUNTERCLAIM AND DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 15(a), Defendant/Counter-Plaintiff Fifth Third Bancorp ("Fifth Third") respectfully moves for leave to file the proposed First Amended Counterclaim and Demand for Jury Trial (the "First Amended Counterclaim"), attached hereto in clean and red-line versions as Exhibit A and B, against Plaintiff RLI Insurance Company ("RLI"). The proposed amendments seek solely to conform the pleadings to the evidence adduced through the discovery conducted to date on the claims at issue by deleting certain allegations. Pursuant to Local Rule 7.3(b), Fifth Third sought RLI's consent to this motion. As of the filing of this motion, RLI has not consented to it.

### BACKGROUND

The present action arises from RLI's wrongful failure to pay Fifth Third's covered losses under the following Bonds issued to Fifth Third: (1) Financial Institution Bond identified as Market Reference No. B0509QA051310 ("First Excess Bond"); and (2) Financial Institution Bond identified as 81906760 ("Second Excess Bond") (collectively, the "Bonds"). Fifth Third's claim under the Bonds involves the dishonest and/or fraudulent acts committed by Fifth Third

3

employee Matthew Ross in connection with a $100 million credit facility established for InsCap Management LLC's ("InsCap" or "Concord") to fund what became known as the Ultra Program.

The Counterclaim in this action included an allegation that the values of the life insurance policies originated through the Ultra Program were intentionally inflated ("Valuation Fraud"). (Counterclaim [Doc. No. 13] at ¶ 7(e)). Discovery that was conducted after the filing of the Counterclaim in this action and in separate litigation pending in Cook County, Illinois failed to uncover evidence to support any Valuation Fraud. Based on this discovery, Fifth Third now believes that the Ultra Program was not based on Valuation Fraud. As a result, Fifth Third seeks leave to amend its Counterclaim to remove the allegation of Valuation Fraud contained in paragraph 7(e) in order to conform the pleadings in this action to the evidence.

Fifth Third has already sought and obtained leave to amend its pleadings in the Cook County, Illinois litigation to eliminate any Valuation Fraud allegations. The proposed amendment is necessary to conform the Counterclaim to the pleadings in the Illinois litigation and to avoid any perceived inconsistencies between the pending actions. This amendment will not prejudice RLI as it will simply conform the pleadings to the evidence and not add any new allegations or theories of liability. Copies of clean and red-line versions of the proposed First Amended Counterclaim are attached as <u>Exhibits A and B</u>.

## ARGUMENT

In recognition of the objective of the Federal Rules of Civil Procedure to make pleadings a vehicle for the proper presentation of a case rather than an end in themselves, the standard for granting leave to amend is an exceedingly liberal one. *Janikowski v. Bendix Corp.,* 823 F.2d 945, 951 (6th Cir. 1987) ("[I]t should be emphasized that the case law in this Circuit manifests 'liberality in allowing amendments to a complaint.'"); 3 Moore's Federal Practice, 15.02

4

(Matthew Bender 3d ed. 1997); Fed. R. Civ. P. 1 (stating that the Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action").  Federal Rule of Civil Procedure 15(a)(2) provides that a court "should freely give leave [to amend] when justice so requires."  The purpose of the liberal amendment standard "is to reinforce the principle that cases should be tried on their merits rather than on the technicalities of pleadings." *Janikowski* 823 F.2d at 951.

Accordingly, a motion for leave to amend should be denied only when the opposing party can demonstrate undue delay, dilatory motives, undue prejudice, bad faith, or futility.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Absent such a finding, "the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182.  Similarly, a motion for leave to amend a complaint after the deadline set forth in a scheduling order should be granted under Fed. R. Civ. P. 15(b)(4) when the plaintiff makes a showing of good cause.  *Despres v. Moreno*, No. 1:15 CV 410, 2016 WL 6877100, at *3 (N.D. Ohio Nov. 21, 2016).  An amendment to conform the pleadings to the evidence is proper at any time, even after judgment.  *See* Fed. R. Civ. P. 15(b)(2); *J.C. Wyckoff & Associates v. Standard Fire Ins. Co.,* 936 F.2d 1474, 1489 (6th Cir. 1991) ("It is entirely appropriate to allow a party to amend its theories to conform to the evidence . . .").

Under these very liberal standards to amend, Fifth Third's Motion to Amend should be granted.  The proposed amendment is a technical amendment to conform the pleadings to the evidence.  As such: (i) Fifth Third has not unduly delayed in making this motion; (ii) there is no prejudice to RLI as the proposed amendment solely removes incidental and unnecessary allegations thereby narrowing the scope of the litigation; and (iii) granting the motion will promote judicial economy and the efficient use of resources.

*First,* the proposed amendment to remove the Valuation Fraud allegation is based on new and recently ascertained facts.  As set forth above, it is only through recent discovery and investigation in this litigation and in the Illinois litigation that Fifth Third determined that the Ultra Program was not based on Valuation Fraud.  Fifth Third is timely seeking to amend its Counterclaim to confirm to this evidence.

*Second,* omitting the allegation of Valuation Fraud will narrow the scope of Fifth Third's claim and the issues to be litigated in this action.  RLI cannot demonstrate that "the amendment adversely affects [their] posture in the litigation." *United States v. Wood*, 877 F.2d 453,457 (6th Cir. 1989).  To the contrary, the proposed amendment would ensure that the action will be tried on the merits of Fifth Third's claims by omitting extraneous allegations of Valuation Fraud. *Janikowski*, 823 F.2d at 951.  Indeed, discovery is open for another three months, dispositive motions have not yet been filed, and the deadline for filing dispositive motions is over three months away. (*See* Doc. No. 69.)

*Finally*, the amendment will encourage judicial economy and the efficient use of resources because the parties and the Court will not expend unnecessary time and resources litigating incidental allegations that Fifth Third seeks to withdraw.  Because Fifth Third seeks solely to remove the allegation of Valuation Fraud in a timely manner after learning of new facts and because this amendment will streamline the litigation and cause no prejudice to any party, Fifth Third's Motion To Amend should be granted.

## **CONCLUSION**

For all the foregoing reasons, Fifth Third respectfully requests that its Motion for Leave to Amend be granted and allow Fifth Third to file the First Amended Counterclaim attached as Exhibit B.

6

Dated:  December 14, 2016

           Respectfully submitted,

           /s/ Douglas R. Widin

           Mark J. Byrne (0029243)
           Kenneth F. Seibel (0025168)
           Jacobs Kleinman Seibel & McNally Co. L.P.A.
           30 Garfield Place, #905
           Telephone:  513-381-6600
           Facsimile:  513-381-4150
           mbyrne@jksmlaw.com
           kseibel@jksmlaw.com
           **COUNSEL FOR DEFENDANT**

           Charles E. Turnbull
           Lawrence M. Scott
           Marc D. Kaszubski
           12900 Hall Rd., Suite 350
           Sterling Heights, MI 48313
           586-726-1000
           Fax: 586-726-1560
           cturnbull@orlaw.com
           cott@orlaw.com
           mkaszubski@orlaw.com
           **ADMITTED PRO HAC VICE**

           David Halbreich
           Traci Rea
           Douglas Widin
           REED SMITH LLP
           355 South Grand Avenue, Suite 2900
           Los Angeles, CA 90071
           Telephone: 213 457 8033
           Facsimile: 213 457 8080
           dhalbreich@reedsmith.com
           dwidin@reedsmith.com
           trea@reedsmith.com
           **ADMITTED PRO HAC VICE**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2016, I electronically filed the foregoing Motion for Leave to File an Amended Counterclaim and accompanying Memorandum of Law with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

*Attorneys for Certain Underwriters at Lloyd's Subscribing to Policy Numbers B0509QA048710, B0509QA051310, and 81906760 and AXIS Insurance Company*

John W. Blancett
Christopher J. Losquadro
Christopher C. Novak
Sedgwick LLP
Brookfield Place
225 Liberty Street, 28th Floor
New York, NY 10281
Email: christopher.losquadro@sedgwicklaw.com
 christopher.novak@sedgwicklaw.com
 john.blancett@sedgwicklaw.com

David Paul Kamp
Brian David Goldwasser
Jean Geoppinger McCoy
White, Getgey & Meyer
1700 Central Trust Tower
1 West Fourth Street
Cincinnati, OH 45202
Email: dkamp@wgmlpa.com
 jmccoy@wgmlpa.com
 bgoldwasser@wgmlpa.com

*Attorneys for Continental Insurance Company; Fidelity and Deposit Insurance Company; St. Paul Mercury Insurance Company*

Luke John Busam
Julia Blackwell Gelinas
Bryan S Strawbridge
Frost Brown Todd
201 N. Illinois Street, Suite 1900
Indianapolis, IN 46244
Email: bstrawbridge@fbtlaw.com
 jgelinas@fbtlaw.com

    lbusam@fbtlaw.com

*Attorneys for RLI Insurance Company*

Robert W Hojnoski
Carrie Masters Starts
Nathan Andrew Lennon
Reminger Co., L.P.A.
525 Vine Street , Suite 1700
Cincinnati, OH 45202
Email: cstarts@reminger.com
       rhojnoski@reminger.com
       nlennon@reminger.com

Scott L. Schmookler
Regina A. Ripley
Ji-Yeon Suh
Gordon Rees Scully Mansukhani, LLP
One North Franklin, Ste. 800
Chicago, IL 60606
Email:  jsuh@gordonrees.com
       sschmookler@gordonrees.com
       rripley@gordonrees.com

                         /s/ Douglas R. Widin