## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

**RLI INSURANCE COMPANY**

                            **Plaintiff,**                    **Civil Action No. 1:14-cv-802**

   Vs.                                           **Judge: Timothy S. Black**

**FIFTH THIRD BANCORP**                    **Magistrate Judge: Stephanie K. Bowman**

                      **Defendant.**

---

**FIFTH THIRD BANCORP, et al.,**

                            **Plaintiffs,**                **Civil Action No. 1:14-cv-869**

   Vs.                                           **Judge: Timothy S. Black**

**CERTAIN UNDERWRITERS AT**               **Magistrate Judge: Stephanie K. Bowman**
**LLOYD'S SUBSCRIBING TO**
**POLICY B0509QA048710,**
**B0509QA051310, 81906760, et al.,**

                      **Defendants.**

### RLI INSURANCE COMPANY'S JOINDER IN CERTAIN UNDERWRITERS' RESPONSE TO FIFTH THIRD'S MOTION TO AMEND

      RLI Insurance Company ("RLI") joins the response brief in opposition to Fifth Third Bancorp's motion for leave to amend its complaint filed by Certain Underwriters at Lloyd's, AXIS Insurance Company and Federal Insurance Company (filed in Case No. 14-cv-869), and in support thereof and opposition to Fifth Third Bancorp's Motion to Amend its Counterclaim against RLI (Dkt. 80 in Case No. 14-cv-802), states as follows:

### INTRODUCTION

      Fifth Third seeks insurance coverage on the theory that Matt Ross, a loan officer, colluded in a fraud perpetrated by Concord Capital Management ("Concord"). (Dkt. 1, No. 14-

802, ¶ 25). Fifth Third, however, knew about the conduct it characterizes as dishonest and Concord's loan fraud before it purchased insurance from RLI (starting June 2009). For example, Fifth Third seeks coverage for loans involving:

- "ineligible fundings" (i.e., requests for funding that were not justified based on the funding rules at issue), ***even though*** these approvals were discussed in February 2009 and disclosed to executive officers on March 4, 2009 (*Id.* at ¶ 34);

- forged documents, ***even though*** the use of forged documents was disclosed to Fifth Third's executive officers on May 27, 2009 (*Id.* at ¶ 35); and

- the transfer of $2 million from a trust, ***even though*** the transfer was disclosed to Fifth Third's executive officer on April 27, 2009 (*Id.* at ¶¶ 37-38).

Given this knowledge, RLI seeks a declaration that (1) Fifth Third's pre-existing knowledge of fraud precludes coverage and (2) Fifth Third's claim is untimely. (*Id.* at ¶ 48).

In response, Fifth Third filed a counterclaim against RLI (Dkt. 13, Civil Action No. 1:14-cv-802) and an independent complaint against the remainder of its insurers. (Dkt. 1, Civil Action No. 1:14-cv-869). Both the Counterclaim and Complaint accused Ross of dishonesty on the theory that he committed "valuation fraud" – which Fifth Third defined as "creating a program ("Ultra") which was not viable and could not generate revenues without the use of fraudulent valuations and fee payments which resulted in Fifth Third Bank's loans being substantially under-collateralized by actual policy values." (Dkt. 13, ₽ 7(e); Dkt. 1, at 6-7). Now, after RLI and the remaining insurers spent time and money conducting discovery on Fifth Third's theory of coverage, Fifth Third seeks to withdraw its primary allegation.

4

Based upon prior discovery and Fifth Third's Third Amended Complaint in the Illinois action, RLI perceived that "valuation fraud" encompassed advances based upon inflated valuations (prepared by Life Asset Group) and life expectancies, and altered disclosure statements. RLI asked Fifth Third to explain what it classifies as "valuation fraud." It so asked because although Fifth Third purports to delete allegation relating to allegedly fraudulent valuations (Dkt. 13, ₱ 7(d)), it does not delete other references relating to other allegations relating to valuations (*Id.* at ₱ 7(e)) and allegations relating to the valuation firm.  (*Id.* at ₱ 7(d)).

The parties have conducted extensive discovery based upon Fifth Third's allegations in its Counterclaim. Fifth Third should not now by allowed to vaguely amend its claim, without explaining how that amendment interplays with discovery and while maintaining its "bad faith" allegation.

### FIFTH THIRD FAILS TO SHOW CAUSE AS REQUIRED BY FRCP 16

The parties agreed that any motion to amend the pleadings had to be filed by September 30, 2015 (Dkt. 29, pg. 4) – which expired over a year before Fifth Third filed this motion. Fifth Third never asks for relief from that agreement and has no grounds to do so. It cites FRCP 15, but it can only amend if permitted to alter the agreed scheduling order: as leave to amend "Rule 16, in other words, prescribes the time by which any motion for leave to amend must be filed; Rule 15 provides guidance to the courts on deciding the merits of timely motions." *Kallies v.*

*Curascript, Inc.*, 2009 U.S. Dist. LEXIS 60589, at *5-6 (S.D. Ohio, June 30, 2009); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417 (11th Cir. 1998) ("if we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure").

Under Rule 16(b), ". . . a party must first show 'good cause' for the failure to seek leave to amend prior to the expiration of the deadline before a court will consider whether the amendment is proper under Rule 15(a)." *Hill v. Banks*, 85 Fed. Appx. 432, 433 (6th Cir. 2003). In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." *Deghand v. Wal-Mart Stores*, 904 F. Supp. 1218, 1221 (D. Kan. 1995); *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003) (parties "can demonstrate 'good cause' for their failure to comply with the original schedule[] by showing that despite their diligence they could not meet the original deadline").

Fifth Third's lack of diligence in seeking an amendment seven months ago (when Fifth Third obviously knew its allegations had no merit and sought to amend its complaint in Illinois) provides independent grounds to deny leave to amend the scheduling order under Rule 16 – thus, mooting Fifth Third's motion to amend under Rule 15. However, to the extent that the Court grants Fifth Third relief, Rule 16 provides the court discretion to avoid prejudice to RLI. *Leary*, 349 F.3d at 906 (in order to demonstrate good cause, the plaintiff must show that the opposing party will not suffer prejudice by virtue of the amendment). Prejudice exists because Fifth Third's untimely amendment leaves RLI no opportunity to examine a 30(b)(6) representative about the scope and impact of this amendment, and RLI has already deposed all of the bank's

employees about this claim (and thus, cannot examine them on the impact of this attempted withdrawal).

Prejudice can only be avoided if the granting of this motion is conditioned on specific relief to RLI. To avoid any prejudice, RLI requests that (in addition to the relief sought by Underwriters[8]) the Court issue an order:

i.       striking Fifth Third's allegation of "bad faith" (since Fifth Third has now admitted that its primary basis for including transactions in its claim is meritless);

ii.     requiring Fifth Third to re-produce for deposition any witness under its control with knowledge of the valuation fraud allegations and/or its post-valuation fraud theory of coverage;

iii.

iv.

v.

vi.

## CONCLUSION

RLI Insurance Company respectfully requests that this Court deny Fifth Third's motion for leave to amend its Counterclaim or in the alternative, to condition the granting of that motion as set forth above, and for any other relief that the Court deems necessary and appropriate.

---

[8] Underwriters' response asks for additional relief.  RLI will not repeat those requests herein, but to the extent that the Court orders such relief, RLI requests it too be granted such relief.

DATED: January 10, 2017

RESPECTFULLY SUBMITTED,

/S/ Scott L. Schmookler

**Scott L. Schmookler (Pro Hac Vice)**
**Regina L. Ripley (Pro Hac Vice)**
GORDON & REES LLP
One North Franklin, Suite 800
Chicago, IL 60606
Phone: (312) 565-1400
Emails: sschmookler@gordonrees.com
        rripley@gordonrees.com
        jsuh@gordonrees.com

*Attorneys for RLI Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2017, I circulated a copy of the foregoing via electronic mail to the following:

Mark J. Byrne
Kenneth F. Seibel
JACOBS, KLEINMAN, SEIBEL & MCNALLY
30 Garfield Place
Cincinnati, OH 45202
Email:  mbyrne@jksmlaw.com
         kseibel@jksmlaw.com

Charles E. Turnbull
Lawrence M. Scott
Marc D. Kaszubski
O'REILLY RANCILIO P.C.
12900 Hall Road, Suite 350
Sterling Heights, MI 48313
Email:  cturnbull@orlaw.com
         lscott@orlaw.com
         mkaszubski@orlaw.com

Traci S. Rea
Reed Smith LLP
225 Fifth Avenue
Pittsburgh, PA 15222
Email: trea@reedsmith.com

Douglas Richard Widin
Reed Smith LLP
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Email: dwidin@reedsmith.com

David M. Halbreich
Reed Smith LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Email: dhalbreich@reedsmith.com

*Attorneys for Fifth Third Bancorp*

Luke Busam
Bryan S. Strawbridge, Esquire
Julia Blackwell Gelinas, Esquire
Frost Brown Todd LLC

10

3300 Great American Tower
301 E. Fourth Street
Cincinnati, OH 45202
Emails: jgelinas@fbtlaw.com
bstrawbridge@fbtlaw.com
lbusam@fbtlaw.com

*Attorneys for Defendant Continental Insurance Company,*
*Fidelity and Deposit Insurance Company, St. Paul*
*Mercury: Insurance Company*

David P. Kamp, Esquire
Brian D. Goldwasser, Esquire
Jean Geoppinger McCoy, Equire
White, Getgey & Meyer Co. LPA
Fourth and Vine Tower
One West Fourth Street, Suite 1700
Cincinnati, OH 45202
Emails: dkamp@wgmlpa.com
bgoldwasser@wgmlpa.com
jmccoy@wgmlpa.com

John W. Blancett, Esquire
Christopher J. Losquadro, Esquire
Christopher C. Novak, Esquire
Sedgwick LLP
Brookfield Place
225 Liberty Street, 28th Floor
New York, NY 10281-1008
Emails: john.blancett@sedgwicklaw.com
christopher.losquadro@sedgwicklaw.com
christopher.novak@sedgwicklaw.com

*Attorneys for Defendant Certain Underwriters at Lloyd's*
*Subscribing to Policy Numbers B0509QA048710 and*
*B0509QA051310, Axis Insurance Company and Federal*
*Insurance Company*

/s/ Scott L. Schmookler

**Scott L. Schmookler**
*RLI Insurance Company*