# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| RLI INSURANCE COMPANY | |
| Plaintiff, | Civil Action No. 1:14-cv-802-SSB-SKB |
| Vs. | Judge: Timothy Black<br>Magistrate Judge: Stephanie K. Bowman |
| FIFTH THIRD BANCORP | |
| Defendant. | |

| | |
|---|---|
| FIFTH THIRD BANCORP, et al., | |
| Plaintiffs, | Civil Action No. 1:14-cv-869-SSB-SKB |
| Vs. | Judge: Timothy Black<br>Magistrate Judge: Stephanie K. Bowman |
| CERTAIN UNDERWRITERS AT LLOYD'S SUBSCRIBING TO POLICY B0509QA048710, B0509QA051310, 81906760, et al., | |
| Defendants. | |

### RLI'S RESPONSE TO FIFTH THIRD'S MOTION, IN THE ALTERNATIVE, TO STRIKE THE EXPERT REPORT OF NANCY TERRILL

RLI Insurance Company ("RLI") submits this response in opposition to Fifth Third Bancorp ("Fifth Third")'s Motion to Strike the Expert Report of Nancy Terrill and in support thereof states as follows:

1. RLI moved to strike the opinions of Brian Kelley, an expert disclosed by Fifth Third, and bar him from testifying because (1) Fifth Third failed to disclose Kelley on a timely basis – thereby depriving RLI of an opportunity to respond within the agreed schedule; and (2) Kelley offers inadmissible opinions on legal issues. (Dkts. 102 and 110).

2. In response, Fifth Third argued that it disclosed Kelley's opinion timely despite

1

the three-tiered schedule for expert discovery laid out in the Court's Scheduling Order (Dkt. 76) and that Kelley responds to opinions offered by Nancy Terrill, RLI's banking practices expert (though his opinions cannot, under any reasonable interpretation, be considered a bona fide response to Terrill's conclusions). (Dkt. 109).

3. In an effort to distract from the fundamental flaws in Kelley's opinions, Fifth Third asks the Court, in the event it grants RLI's motion to strike Kelley's testimony, to strike Terrill's testimony. Unlike Fifth Third, RLI timely disclosed Terrill's testimony in accordance with the Scheduling Order and duly complied with the discovery deadlines of the case. Thus, Fifth Third's failure to timely disclose Kelley's report and opinions has no impact on Terrill's opinions and Fifth Third's failure to comply with the scheduling order is not grounds to strike Terrill's timely disclosed opinions.

4. It appears that Fifth Third seeks to strike Terrill's opinions simply because Kelley responded to them. (Dkt. 107). Fifth Third in fact has no grounds to ask for the striking of Terrill's report. Its motion is a *quid pro quo* which motion wrongly assumes that Kelley's opinions must be admissible because they responded to Terrill's opinions. Fifth Third's premise, of course, ignores the substance of Terrill's opinions. Unlike Kelley, Terrill never opined on whether Ross was dishonest, the legality of his conduct or how his conduct impacted the bank. She limited her opinions to banking practice – a proper subject of expert opinion. Kelley cannot dispute her opinions on banking practice, so he uses her opinions as a Trojan horse – designed to provide a vehicle for offering legal opinions.

5. A comparison of Kelley's actual opinions to Terrill's actual opinions demonstrates a stark contrast. Kelley opines on dishonesty, while Terrill does not. Kelley opines on legality, while Terrill does not. Kelley opines on the mental impressions of Fifth Third's

employees, while Terrill did not. In short, Terrill offered admissible opinions on banking practice, whereas Kelley offered inadmissible legal opinions. Simply put, Kelley responded to Terrill's admissible opinions with inadmissible opinions. The fact that Kelley purports to respond to Terrill does not insulate his opinions from challenge or alter the conclusion that his opinions are inadmissible.

6. As set forth in RLI's motion and reply brief, Terrill properly limits her opinions to banking practices and customs, an appropriate subject of expert opinion. Under the guise of rebutting Terrill's opinions, Kelley offers inadmissible opinions, including about whether Matthew Ross acted dishonestly and the legality of his conduct. Kelley proffers his judgment, not as an expert opining on permitted topics, but as the trier of fact, or otherwise directs the trier of fact to his preferred conclusion on ultimate issues. In sum, Terrill's report remains in the purview of admissible expert testimony whereas Kelley's does not, such that Fifth Third cannot tenably ask this Court to strike Terrill's report simply because Kelley offered inadmissible opinions.

7. RLI fully explained why Terrill's opinions are admissible and why Kelley's opinions are inadmissible in its motion to strike (Dkt. 101-102) and reply in support thereof (Dkt. 110). To avoid unnecessary repetition, RLI will incorporate those briefs by reference.

For the reasons set forth herein, RLI asks this Court to deny Fifth Third's Motion, in the Alternative, to Strike the Expert Report of Nancy Terrill, without regard to whether it grants RLI's Motion to Strike Fifth Third Bancorp's Expert Disclosure, and for any other relief the Court deems necessary and appropriate.

       RESPECTFULLY SUBMITTED,

       /S/ Scott L. Schmookler
       **Scott L. Schmookler (Pro Hac Vice)**
       GORDON & REES LLP
       One North Franklin, Suite 800
       Chicago, IL 60606
       Phone: (312) 565-1400
       Emails: sschmookler@gordonrees.com
       *Attorney for RLI Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2017, I circulated a copy of the foregoing via the court's electronic filing system to the following:

Mark J. Byrne
Kenneth F. Seibel
JACOBS, KLEINMAN, SEIBEL & MCNALLY
30 Garfield Place
Cincinnati, OH 45202
Emails: mbyrne@jksmlaw.com
      kseibel@jksmlaw.com

Charles E. Turnbull
Lawrence M. Scott
Marc D. Kaszubski
O'Reilly Rancilio P.C.
12900 Hall Road, Suite 350
Sterling Heights, MI 48313
Emails: cturnbull@orlaw.com
      lscott@orlaw.com
      mkaszubski@orlaw.com

Traci S. Rea
Reed Smith LLP
225 Fifth Avenue
Pittsburgh, PA 15222
Email: trea@reedsmith.com

Douglas Richard Widin
Reed Smith LLP
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Email: dwidin@reedsmith.com

David M. Halbreich
Reed Smith LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Email: dhalbreich@reedsmith.com

*Attorneys for Fifth Third Bancorp*

Luke Busam
Bryan S. Strawbridge, Esquire
Julia Blackwell Gelinas, Esquire
Frost Brown Todd LLC
3300 Great American Tower
301 E. Fourth Street
Cincinnati, OH 45202
Emails: jgelinas@fbtlaw.com
        bstrawbridge@fbtlaw.com
        lbusam@fbtlaw.com

*Attorneys for Defendant Continental Insurance Company, Fidelity and Deposit Insurance Company, St. Paul Mercury: Insurance Company*

David P. Kamp, Esquire
Brian D. Goldwasser, Esquire
Jean Geoppinger McCoy, Esquire
White, Getgey & Meyer Co. LPA
Fourth and Vine Tower
One West Fourth Street, Suite 1700
Cincinnati, OH 45202
Emails: dkamp@wgmlpa.com
        bgoldwasser@wgmlpa.com
        jmccoy@wgmlpa.com

John W. Blancett, Esquire
Christopher J. Losquadro, Esquire
Christopher C. Novak, Esquire
Sedgwick LLP
Brookfield Place
225 Liberty Street, 28th Floor
New York, NY 10281-1008
Emails: John.Blancett@sedgwicklaw.com
        Christopher.Losquadro@sedgwicklaw.com
        Christopher.Novak@sedgwicklaw.com

*Attorneys for Defendant Certain Underwriters at Lloyd's Subscribing to Policy Numbers B0509QA048710 and B0509QA051310, Axis Insurance Company and Federal Insurance Company*

/S/ *Ji-Yeon Suh*
**Ji-Yeon Suh (Pro Hac Vice)**
*Attorney for RLI Insurance Company*